**In re Allen Jerry TAYLOR a/k/a Worley V. Spearman, Debtor.**

**Diamax Auto Repair, Inc., Plaintiff,**

**v.**

**Allen Taylor, Defendant.**

**Bankruptcy No. 99–6558–8P7.**

**Adversary No. 99–367.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

June 1, 2001.

Lawrence Klepetko, Sarasota, Florida, for plaintiff.

Allen Taylor, Bradenton, Florida, defendant pro se.

## ORDER ON MOTION FOR REHEARING AND RECONSIDERATION OF ORDER ON MOTION FOR SUMMARY JUDGMENT AS TO COUNT II

ALEXANDER L. PASKAY,
Bankruptcy Judge.

PRIOR TO the commencement of this case, Diamax Auto Repair, Inc. (Diamax) filed a suit against Allen Jerry Taylor, d/b/a T & T Roofing (Debtor). On October 20, 1998, the County Court in and for Sarasota County, Florida entered a final judgment in favor of Diamax in the principal sum of $1,669.20, costs of $71 and attorney's fees in the amount of $600 for a subtotal of $2,340.20. The final judgment further provided that this sum shall bear interest at the rate of 10% per year in addition to pre-judgment interest of $36.13.

On April 23, 1999, the Debtor filed his Petition for Relief under Chapter 7. On July 17, 1999, Diamax filed a Complaint in this Court consisting of two counts. In Count I Diamax sought a determination that the judgment entered in the County Court for Sarasota should be excepted from the overall protection of the general bankruptcy discharge pursuant to § 523(sic) of the Bankruptcy Code. In Count II Diamax sought a money judgment against the Debtor for costs attributable to the representation of Diamax and such attorney's fees which are attributable for representation of Diamax in this adversary proceeding.

In due course the Debtor was served and on July 20, 1999 filed his Answer in which he admitted some and denied some of the allegations. The Answer also included affirmative defenses in which the Debtor contended the judgment obtained by Diamax in the County Court was not based on fraud or any conduct which would render the debt to be non-dischargeable.

In addition, the Debtor contended that he was never properly served in the County Court and, therefore, the judgment is void or voidable. The Answer was filed by the Debtor *pro se*. On May 11, 2000, this Court dismissed the adversary proceeding for counsel for Diamax's failure to appear at the duly scheduled pre-trial conference. On July 5, 2000, this Court entered an Order and vacated the Order of Dismissal and rescheduled the matter to consider a motion for summary judgment filed by counsel for Diamax.

In the Motion counsel for Diamax contended that the judgment entered in the County Court was final and based on the doctrine of res judicata this Court must recognize the judgment. The Motion for Summary Judgment was heard in due course and the Debtor having failed to appear the Court reviewed the record, heard argument of counsel for Diamax and having found that there were no genuine issues of material fact granted the Motion for Summary Judgment filed by Diamax. The final judgment entered on March 6, 2001 determined that the final judgment in the amount entered by the County Court of Sarasota was within the exception of discharge, which judgment included not only the principal amount but costs and attorney's fees. The judgment did not specifically rule on the claim asserted in Count II of the Complaint filed by Diamax.

On March 15, 2001, Diamax filed a Motion for Rehearing or Reconsideration concerning the claim set forth in Count II of the Complaint. The Court considered the record and is satisfied that the final judgment entered by the County Court has been accepted as entered under the Full Faith and Credit Clause, Article IV, § 1 of the Constitution, and based on the doctrine of collateral estoppel the final judgment resolved all issues between the parties, the

non-dischargeability of the judgment, including the right of Diamax to attorney's fees.

 The claim in Count II is based on Fla.Stat. 772.11. It is clear that attorney's fees pursuant to this Statute was available to Diamax in the County Court and it was considered by the County Court and granted in the amount of $600. For this reason this Court has no jurisdiction to reconsider and amend that amount concerning Diamax's costs for pursing the action against the Debtor in the County Court. Concerning the claim for attorney's fees for services rendered by counsel in connection with this adversary proceeding filed in this Court, there is no provision in the Bankruptcy Code that in connection with a dischargeability litigation the prevailing creditor is entitled to any attorney's fees if the attorney's fees were already determined in pre-bankruptcy litigation.

Based on the foregoing, this Court is satisfied that the Motion for Reconsideration should be granted because the final judgment did not cover the claim in Count II of the Complaint. Upon reconsideration, this Court is satisfied that the final judgment shall be amended to reflect that final judgment is entered in favor of the Debtor and against Diamax and the claim in that count shall be dismissed with prejudice.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Reconsideration be, and the same is hereby granted. It is further

ORDERED, ADJUDGED AND DECREED that the final judgment shall be amended to reflect that judgment is entered in favor of the Debtor and against Diamax on Count II. It is further

ORDERED, ADJUDGED AND DECREED that Count II be, and the same is hereby, dismissed with prejudice.